Rathmell, J.
Relator sues for a writ of mandamus commanding Auditor Sayre to deliver him a warrant for payment of $62.50 for services as secret servicé officer. He alleges his appointment by the judges of the Common Pleas Court of Franklin County; and also his appointment by the prosecuting attorney of said county and the fixing of his compensation.' His salary was fixed by *14 said judges January 1st, 1909, at $1,500 per annum; and on April 29th, 1911, by the presiding judge of the third subdivision of the fifth judicial district at same rate. He avers that on September 1st, 1911, having performed the services to which he was appointed, the auditor refused to issue him a warrant upon his voucher duly approved by one of the judges of this court.
The answer admits the averments of the petition except the alleged authority of the presiding judge of the third subdivision of the fifth judicial district to fix the compensation of relator as alleged, and joins issue as to the authority of the said presiding judge to act under Section 2915-1, General Code (O. L. Yol. 102, p. 78), on the ground that the same is inoperative and void.
The case involves the construction, of Section 2915-1 of the General Code found in Yol. 102 O. L., pp. 77 and 78.
Section 2915-1 is as follows:
‘ ‘ The prosecuting attorney may appoint a secret service officer whose duty it shall be to aid him in the collection and discovery of evidence to be used in the trial of criminal cases and matters of a criminal nature. The compensation of said officer shall be fixed by the presiding judge of the court of common pleas of the subdivision of that judicial district and shall hot be less than one-fourth nor more than one-half of the official salary of the 'prosecuting attorney per year, payable monthly, out of the county fund, upon the warrant of the county auditor. ’ ’
It is contended this section is inoperative because it is impossible to ascertain what judge or officer was meant by the Legislature in the use of the words “presiding judge of the court of common pleas of the subdivision of that judicial district.”
Can it be ascertained by the application of the rules of statutory construction what the Legislature intended by the use of the words just noted ?
It is fundamental that when the words of a statute are plain, explicit and unequivocal a court is not warranted in departing from their obvious meaning although from considerations arising outside the language of the statute it may be conceived that the Legislature intended to enact something different from what it did in fact enact. (Woodbury & Co. v. Berry, 18 O. S., 456.)
The state is divided into nine common pleas districts; and *15 these with the exception of Hamilton county, which constitutes one district, are each divided into three subdivisions. The judges are officers for the entire district, but are elected by the electors of a subdivision of the district in which they reside.
The law provides that the judges of the common pleas court in each common pleas district shall designate a supervising judge for certain purposes.
There is thus provided a supervising judge for a common pleas district; but we know of no provision in law for a presiding judge of a subdivision of a common pleas judicial district.
It is urged that the “supervising judge of the.district” is meant by the term “presiding judge.”
The rule that the plain, explicit', unequivocal words “of the-subdivision of that judicial district” used to describe the officer whose duty it is by the statute to fix the compensation of the secret service officer, apparently forbids departing from their obvious meaning. The language of the section specifies “subdivision” and not the “district” and excludes such officer; for the Legislature is held to mean what it has plainly expressed.
It is contended further that in this subdivision by established custom there is such an officer referred to in the statute as attested by the appointment of the relator. In this, the third subdivision of the fifth judicial district, where there are six judges of the court of common pleas, it has been the practice for years, as a matter of convenience, to name a presiding judge, and this custom may prevail in a few subdivisions similarly situated. But it is not contended that in a very large number of the subdivisions of the common pleas judicial districts of the state there is any such practice or custom, and from the facts and circumstances of the case this can not be; and if that be the official intended by the statute to fix the compensation of the secret service officer, then the law would be void because lacking in uniform operation throughout the state.
Again it is suggested that the Legislature by the words, “presiding judge of the subdivision,” meant “any judge that happened to be on the bench in that subdivision,” or is equivalent to, “the judge of the cou/rt of common pleas of the subdivision of that judicial district presiding (in that or the county).”
*16 These suggested constructions of the intent of the law still leave indeterminate the officer whose duty it is to fix- the compensation of the secret service officer; and call for transposition and interpolation of words. In a number of subdivisions several judges are on the bench presiding in their respective courts, and who can determine which one is designated. And as to equivalent meanings, in Slingluff v. Weaver, 66 O. S., 621, 627, the court quotes with apparent approval McClusky v. Cromwell, 11 N. Y., 593, where it is observed that ‘ ‘ the office of interpretation is to bring sense out of the words used and not bring sense into them.”
Upon consideration of the able arguments made and authorities cited in this case we are of opinion that the Attorney-General is correct in his contention that this section of the General Code in question is void and inoperative for the reason that it is impossible to ascertain what judge or officer is meant by the statute whose duty it is to fix the compensation of the secret service officer.
While the law in question repeals Sections 1541, 2916, 6184, 6185 and 6186 of the General Code, these sections still remain in force and effect since we can not suppose that the Legislature would have repealed the acts providing for the employment of a secret service officer without providing a substitute therefor— the acts so far as the attempted amendment, supplement and repeal are concerned relating to a single subject. Section 1541 of the General Code remaining in force, under the facts recited in the petition, the relator is entitled to the writ of mandamus prayed for under his appointment of January 1st, 1909. Writ allowed.